# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAN SCHAFFER,<br><br>     Plaintiff,<br><br>v.<br><br>BOROUGH OF PARAMUS; KEN RASCHEN in his individual and official capacity; JOSEPH "JAY" SEXTON in his individual and official capacity; ROBERT KAISER, in his individual and official capacity; ACE ANTONIO, in his individual and official capacity; JEANNE WEBER, in her individual and official capacity; WILLIAM R. COMERY, in his individual and official capacity; HECTOR OLMO, in his individual and official capacity,<br><br>     Defendants. | Civil Action No. 2:23-cv-00530-BRM-MAH<br><br>Hon. Brian R. Martinotti, D.J.<br>Hon. Michael A. Hammer, M.J.<br><br>**Return Date: March 6, 2023** |

---

### BRIEF IN SUPPORT OF PLAINTIFF'S
### CROSS-MOTION FOR REMAND

---

        **DeCOTIIS, FITZPATRICK, COLE**
        **& GIBLIN, LLP**
        Gregory J. Hazley (Att'y #162622016)
        61 South Paramus Road
        Paramus, New Jersey 07652
        (201) 928-1100 | ghazley@decotiislaw.com
        *Attorneys for Plaintiff Megan Schaffer*

*On the Brief:*
Gregory J. Hazley

#3264476

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................1

PROCEDURAL HISTORY ........................................................................................3

STATEMENT OF FACTS ..........................................................................................5

ARGUMENT ................................................................................................................9

POINT I

DEFENDANT KAISER'S REMOVAL PETITION WAS PROCEDURALLY IMPROPER AND PLAINTIFF'S MOTION FOR REMANDED SHOULD BE GRANTED ..............................................9

POINT II

PLAINTIFF IS ENTITLED TO COSTS AND FEES UNDER 28 U.S. §1447(C) ............................................................................................... 13

CONCLUSION................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Am. Asset Fin., LLC v. Corea Firm,*
    821 F. Supp. 2d 698 (D.N.J. 2011)........................................................................11

*Balazik v. County of Dauphin,*
    44 F.3d 209 (3d Cir.1995) ......................................................................................12

*Boyer v. Snap-On Tools Corp.,*
    913 F.2d 108 (3d Cir. 1990) ...................................................................................11

*Brown v. Jevic,*
    575 F.3d 322 (3d Cir. 2009) .....................................................................................9

*Cacoilo v. Sherwin-William Company,*
    902 F.Supp.2d 511 (D.N.J. 2012)..............................................................10, 11, 12

*Castillo v. Nat'l Council of Young Men's Christian Associations of United States,*
    No. 2:21-CV20007-BRM-JSA, 2022 WL 855685 (D.N.J. Mar. 22, 2022).........11

*Delalla v. Hanover Ins.,*
    660 F. 3d 180 (3d Cir. 2011) ...........................................................................10, 12

*Entrekin v. Fisher Scientific, Inc.,*
    146 F. Supp. 2d 594 (3d Cir. 2001).........................................................................9

*Kachmarski v. Dakota Bodies, Inc.,*
    No. 10-4499, 2010 WL 4910891 (E.D. Pa. Nov. 30, 2010).................................12

*Lewis v. Rego Co.,*
    757 F.2d 66 (3d Cir. 1985) .....................................................................................10

*Martin v. Franklin Capital Corp.,*
    546 U.S. 132 (2005) ...............................................................................................13

*Mints v. Edw. Testing Serv.,*
    99 F.3d 1253 (3d Cir. 1996) ..................................................................................13

                                                                 **Page**

*Newton v. S. Jersey Paper Prod. Co., Inc.*,
   No. 11:9-CV-17289-NLH-KMW, 2020 WL 2059954 (
   D.N.J. Apr. 29, 2020) ...........................................................................................5

*PAS v. Travelers Ins. Co.*,
   7 F.3d 349 (3d Cir. 1993) ..................................................................................11

*Samuel-Bassett v. KIA Motors Am., Inc.*,
   357 F.3d 392 (3d Cir. 2004) ..............................................................................11

## **Statutes**

28 U.S.C. §1446(b) .................................................................................................11
28 U.S.C. § 1441 ......................................................................................................9
28 U.S.C. § 1441(a) .......................................................................................3, 9, 10
28 U.S.C. § 1446 ......................................................................................................1
28 U.S.C. § 1447 ....................................................................................................11
28 U.S.C. § 1447(c) .........................................................................................12, 13
28 U.S.C. § 1983 ......................................................................................................5
28 U.S.C. §§ 1446(a)-(b) .......................................................................................10

## **Rules**

Fed.R.Civ.P. 12(b)(6) ...............................................................................................5

## **PRELIMINARY STATEMENT**

Plaintiff Megan Schaffer moves to remand this case to the Superior Court of New Jersey, Law Division, Bergen County, where she first filed it, because defendant Robert Kaiser's removal Petition flouted the requirements of 28 U.S.C. § 1446; specifically, of the seven other defendants in this case, none have consented or otherwise joined in removal, where unanimity among defendants is required.

Plaintiff is a former employee of the Borough of Paramus (the "Borough") who was subjected to egregious and daily hostilities, discrimination and a hostile work environment that ultimately forced her to resign. She has sued the Borough and various agents and officials, including defendant Kaiser, on claims mostly rooted in New Jersey State law in the Bergen County Vicinage, where all defendants reside. Plaintiff's Verified Complaint sets forth in excruciating detail the frequent harassment and intense scrutiny she faced in trying to do her job while being held to impossible and unworkable standards not imposed on any other male employee. When she asked for help or reported contumacious behavior by co-workers and supervisors, she was brushed off or met with toxic apathy. After she filed a grievance, little changed and the hostile work environment continued unfettered.

Rather than address her claims, defendant Kaiser, an elected councilman in the Borough, has foisted a procedural parry on the court that fails at the threshold. Defendant Kaiser's hasty removal Petition (and precipitate motion for dismissal)

should be fully rejected and this matter remanded back to State court, where defendant must answer for his conduct.

For the reasons set forth herein, defendant Kaiser's removal Petition was procedurally improper and plaintiff's motion to remand should be granted.

## PROCEDURAL HISTORY

Plaintiff filed the underlying Verified Complaint (the "Complaint") on December 27, 2022 in the New Jersey Superior Court, Law Division, Bergen County Vicinage (Docket No. BER-L-6846-22), alleging six counts against the Borough of Paramus and individual defendants, including employees and public officials. ECF #1-1. Five of the seven claims are based in State law, including the New Jersey Law Against Discrimination and New Jersey Conscientious Employee Protection Act, while two claims are derived from Title VII of the federal Civil Rights Act. *Id.*

Plaintiff on December 29, 2022 served the first defendants via the municipal clerk for the Borough and, although defendant Kaiser is a public official and service was effective upon serving the clerk, to remove all doubt, plaintiff caused Kaiser to be personally served on January 4, 2023. Certification of Gregory J. Hazley ("Hazley Cert."), Exhibit A (affidavits of service). No party has filed a responsive pleading in the State or federal court. Hazley Cert., Exh. B (State court docket). On January 30, 2023, Kaiser filed a Notice of Removal with the Superior Court and Petition for Removal with this Court. ECF #1 (the "Petition"); Certification of Gregory J. Hazley ("Hazley Cert."), Exhibit C (Notice of Removal).

In the Petition, Kaiser stated that removal was made pursuant to 28 U.S.C. § 1441(a), based on the two counts of the Complaint made under Title VII of the Civil Rights Act. *See* Petition, preamble. Kaiser asserted the removal was timely as filed

within 30 days and referenced "Exhibit C,"[1] although no such exhibit was included in the Petition. *Id.* at ¶7.

Kaiser asserted that the four State law claims in the Verified Complaint were "integrally related to plaintiff's federal claims and thus form part of the same case or controversy." *Id.* at ¶9. The Petition also stated, under the title "All Other Requirements are Met," that "defendant has given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court . . . ." *Id.* at ¶10. The Petition did not state whether other defendants joined in or consented to the removal and was filed solely on behalf of Kaiser.[2] *Id.*

No party responded to the Petition within 30 days of service of the initial pleading. Despite the procedural failings, Kaiser on February 10, 2023 filed a

---

[1] While Exhibit A to the Petition was the Verified Complaint, no other exhibits were included and no Exhibit B was referenced, despite the reference to an Exhibit C.

[2] While the Petition is styled as "*Defendants'* Notice and Petition," the supporting factual assertions are made solely as to Kaiser and the Petition was signed only by Kaiser's counsel.

motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See* ECF #2.[3] This cross-motion for remand follows.

## STATEMENT OF FACTS

Plaintiff brings this underlying action to recover damages under the New Jersey Law Against Discrimination, New Jersey Conscientious Employee Protection Act, and 28 U.S.C. § 1983, based on her tenure as the Director of Recreation for the Borough of Paramus. As her Verified Complaint sets forth, plaintiff, a young woman serving in a male-dominated sector of public employment, was forced into a crucible of bad behavior, an environment that ultimately forced her to resign rather than face the unchecked aggression and creeping malevolence of a handful of bad actors in the daily workplace.

Defendant Kaiser's behavior was particularly troubling because of his position of public trust as an elected official and council liaison to the Recreation Department. Rather than assist plaintiff as she reported constant abuses against her

---

[3] Kaiser's motion to dismiss was filed prior to the instant motion for remand – prematurely, we submit – yet courts of this Circuit have recognized that a motion to remand should be decided first. *See*, *e.g.*, *Newton v. S. Jersey Paper Prod. Co., Inc.*, No. 11:9-CV-17289-NLH-KMW, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) ("Though Defendant's motion to dismiss came earlier in time than Plaintiff's motion to remand, the Court is obligated to consider Plaintiff's motion to remand first."); *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006) ("Once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded ... to the court of initial jurisdiction").

and her staff, and frustration with her treatment by municipal employees, Kaiser spread unfounded rumors about her work and acted as a conduit for phony reports criticizing her department and her supervision, implicitly or expressly encouraging such behavior.

Kaiser is an adult male and elected councilman of the Borough. ECF #1-1 ("Compl."), ¶5. At times relevant to the allegations of the Complaint, Kaiser was the Borough council's liaison to the Recreation Department, which was headed by plaintiff as director. *See id.* at ¶50. While the Complaint details an ongoing campaign by co-workers from other Borough departments to undermine and cast plaintiff in a negative light, the allegations as to Kaiser can be summarized as follows:

- Kaiser repeated to others, including public officials, claims critical of plaintiff's work performance or alleging frivolous spending without verifying the truth of the allegations with plaintiff. *See*, *e.g.*, Compl., ¶54. ("Kaiser had repeated the claim [that plaintiff frivolously spent $7,000 of public funds] to others, apparently without checking its veracity"); ¶68 (Kaiser confronted plaintiff with a false allegation "to make plaintiff appear fiscally irresponsible or incompetent.")

- Despite plaintiff advising Kaiser that she was concerned when a cadre of male Borough employees were improperly following her and

inspecting her work while neglecting their own duties, no remedial or disciplinary action was taken. *Id.* at ¶70. A fellow councilmember stated that Kaiser communicated with the rogue employees as early as 5 a.m. on certain days, receiving complaints about work directed by plaintiff. *Id.* at ¶99.

- Plaintiff told Kaiser she "had enough" of such behavior, yet no measures were put in place to stop the surveillance and unwarranted criticism of plaintiff's job performance, and the harassment continued. *Id.* at ¶104.

- Kaiser knew apocryphal grievances against plaintiff were going to be aired by members of the "public" at a mayor and council meeting and took no meaningful action, even though the comments were made by a public official (defendant William Comery). *Id.* at ¶¶105-07. Plaintiff confronted Kaiser about it and advised him that she was facing harassment, defamation, bullying, discrimination and a hostile work environment. *Id.* at ¶109. She told him she was being treated unfairly and held to a different standard than other department heads and other male employees, and that the abuse was coming from known individuals. *Id.* at ¶¶111, 115.

- When plaintiff informed Kaiser that she planned to file a grievance, he

said it was not necessary and that the Borough would handle it. *Id.* at ¶114. He attempted to discourage plaintiff from filing a grievance on various occasions. *Id.* at ¶¶114, 123-24.

- When plaintiff told Kaiser she wanted to rebut all of the allegations against her, he told her to keep it brief; after she wrote a rebuttal email to the phony charges and criticisms lodged against her and sent it to Kaiser, she received no response. *Id.* at ¶¶117-18.

- After plaintiff filed her grievance, Kaiser contacted plaintiff frequently about items needing repair that he said were brought to his attention by residents but were actually raised by the same employees harassing plaintiff. *Id.* at ¶¶145-147.

- When she advised Kaiser that a rogue employee was taking photos of facilities under her supervision to highlight alleged issues, she received no response. *Id.* at ¶153.

Overall, the Verified Complaint sets forth in detail Kaiser's failures as an elected official and liaison to plaintiff's Recreation department, even amid plaintiff's pleas to step in and remedy the ongoing campaign of abuse and criticism from Borough employees. Particularly egregious are Kaiser's attempts to discourage plaintiff from filing a grievance and continued willingness to entertain the steady flow of frivolous complaints and issues from a small group of Borough employees

critical of plaintiff's job performance.

In a word, both Kaiser's actions and inactions fostered the hostile work environment that caused plaintiff constant stress, unwarranted scrutiny, and ultimately led to her resignation. On Kaiser's watch and without his assistance, plaintiff faced a calumny from a small cadre of male Borough employees.

## ARGUMENT

### POINT I

**DEFENDANT KAISER'S REMOVAL PETITION WAS PROCEDURALLY IMPROPER AND PLAINTIFF'S MOTION FOR REMANDED SHOULD BE GRANTED**

Removal of civil actions is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal statutes are strictly construed, with all doubts to be resolved in favor of remand. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 604 (3d Cir. 2001).

Section 1441 sets forth the procedures for removal, including that a defendant or defendants desiring to remove a civil action must file a notice of removal

"containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §§ 1446(a)-(b); *Cacoilo v. Sherwin-William Company*, 902 F.Supp.2d 511, 516 (D.N.J. 2012).

Section 1446(b)(2)(A) further requires that when a civil action, such as this one, is removed based on original jurisdiction under §1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). ("[W]hen there is more than one defendant, all must join in the removal petition.")  This requirement is commonly referred to as the "rule of unanimity," which holds that "a failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of §1447(c).'" *Cacoilo v. Sherwin-William Company*, 902 F.Supp.2d at 518 (internal citation omitted); *Delalla v. Hanover Ins.*, 660 F. 3d 180, 188 (3d Cir. 2011).  There are three limited exceptions to the rule of unanimity: "(1) when the nonjoining defendant is a nominal party; (2) when the defendant has been fraudulently joined; or (3) when a defendant has not been served when the removing

defendants filed their notice of removal." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (citations omitted).

A notice of removal must be filed by a defendant within 30 days of receiving the complaint, and upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court within 30 days. 28 U.S.C. §1446(b), 28 U.S.C. § 1447. This Court recently restated the standards in granting a motion for remand in *Castillo v. Nat'l Council of Young Men's Christian Associations of United States*, No. 2:21-CV20007-BRM-JSA, 2022 WL 855685, at *1 (D.N.J. Mar. 22, 2022):

> Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure*." PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

Accordingly, lack of consent from other co-defendants for removal renders the removal procedurally improper, and any subsequent untimely requests for consent from co-defendants cannot cure the defect. *Id.* at *2; *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d at 518 ("The subsequent filing of an untimely notice

of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.")

When a removal application is filed, all defendants must join within 30 days of service of the underlying complaint on the joining defendant. 28 U.S.C. § 1447(c); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995*); Kachmarski v. Dakota Bodies, Inc.*, No. 10-4499, 2010 WL 4910891, at *1 (E.D. Pa. Nov. 30, 2010); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 523 (D.N.J. 2012). "[I]t has long been established that the thirty-day period for removal is mandatory and that courts are without authority to expand it." Kachmarski v. Dakota Bodies, Inc., No. 10-4499, 2010 WL 4910891, at *3; *see also* 28 U.S.C. § 1446(b)(2)(A).

In this matter, it is beyond dispute that none of the six other defendants have joined in Kaiser's Petition, a fatal flaw that alone warrants remand.  Nevertheless, nor can all defendants join the Petition at this stage as the time period to do so has elapsed.  While Plaintiff contends service on the Borough on December 29, 2023 constitutes service on all defendants as agents and employees of the Borough, even taken on individual dates of service, defendants the Borough (12/29/23), Comery (1/11/23), Olmo (12/29/23), Raschen (1/5/2023) and Weber (12/29/2023) were all served on dates outside of 30 days from the date of this motion.  See Delalla v. Hanover Ins., 660 F.3d 180, 185 (3d Cir. 2011) (30-day removal period calculated from date of service of each defendant).  Accordingly, the time to join in the instant

12

Petition has elapsed and Kaiser's Petition is in violation of the rule of unanimity. None of the three limited exceptions to the rule of unanimity apply here: no other defendant was fraudulently joined or named as a nominal party, and all defendants were served prior to filing of the Petition.

For the reasons stated above, the Petition failed to meet the statutory requirements for removal, cannot be reformed, and Plaintiff's motion for remand should be granted.

## POINT II

### PLAINTIFF IS ENTITLED TO COSTS AND FEES UNDER 28 U.S. §1447(C)

Plaintiff respectfully requests an award of costs and fees pursuant to 28 U.S.C. § 1447(c), which provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court "has broad discretion and may be flexible in determining whether to require the payment of fees under [§] 1447(c)." *Mints v. Edw. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Here, Kaiser's failure to obtain consent of, or in any way acknowledge the

13

requirement of unanimity among, defendants was not objectively reasonable, goes beyond procedural oversight and renders his removal subject to an award of the costs and fees Plaintiff has incurred in moving to remand the case to its proper forum.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that its motion to remand the matter to the Superior Court of New Jersey, Law Division, Bergen County, be fully granted, and its application for fees and costs granted.

> Respectfully submitted,
>
> **DECOTIIS, FITZPATRICK,**
>  **COLE & GIBLIN, LLP**
>
> */s/ Gregory J. Hazley*
> Gregory J. Hazley (Att'y ID#162622016)
> 61 South Paramus Road, Suite 250
> Paramus, New Jersey 07652
> Tel: 201-928-1100
> Fax: 201-928-0588
> ghazley@decotiislaw.com
>
> *Attorneys for Plaintiff,*
>  *Megan Schaffer*

Dated: February 21, 2023