

------ LAW OFFICES ------

**DeCotiis, FitzPatrick, Cole & Giblin, LLP**

61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NEW JERSEY 07652

NEW JERSEY
NEW YORK

TELEPHONE: (201) 928-1100
TELEFAX:  (201) 928-0588
WWW.DECOTIISLAW.COM

GREGORY J. HAZLEY, ESQ.
GHAZLEY@DECOTIISLAW.COM
201.347.2103

February 21, 2023

**VIA CM/ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court - District of New Jersey
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07101

      RE:   **Megan Schaffer v. Borough of Paramus et al.**
              **Case No.: 2:23-cv-530-BRM-MAH**

Dear Judge Martinotti:

      We represent Plaintiff Megan Schaffer in the above-referenced matter, which was removed to this Court by Petition of defendant Kenneth Kaiser on January 30, 2023. *See* ECF#1. Ten days later, defendant Kaiser subsequently filed a Motion to Dismiss, returnable March 6, 2023. *See* ECF #2. The undersigned today filed a Cross-Motion for Remand (ECF #4) and respectfully requests that the Court hear its Cross-Motion prior to any consideration of defendant Kaiser's Motion to Dismiss.

      As set forth in Plaintiff's brief in support of its Cross-Motion, courts of this Circuit have recognized that a motion to remand should be decided prior to a dispositive motion such as a motion to dismiss. *See*, *e.g.*, *Newton v. S. Jersey Paper Prod. Co., Inc.*, No. 11:9-CV-17289-NLH-KMW, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) ("Though Defendant's motion to dismiss came earlier in time than Plaintiff's motion to remand, the Court is obligated to consider Plaintiff's motion to remand first."); *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006) ("Once a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is remanded ... to the court of initial jurisdiction").

      We respectfully request that defendant Kaiser's Motion to Dismiss be administratively terminated or denied without prejudice as it is premature and was improperly filed within the 30-day period to oppose a removal petition. See *Cacoilo v. Sherwin-Williams Co.*, No. CIV. 11-7039 NLH/KMW, 2012 WL 2459409, at *1 (D.N.J. June 25, 2012) (denying motion to dismiss without prejudice pending disposition to motion to remand); 28 U.S.C. §1446(b).

#3267442



February 21, 2023
PAGE 2

      In the event the Court declines to terminate, deny or stay the Motion to Dismiss, please accept this letter as Plaintiff's request for an automatic extension of the return date pursuant to L.Civ.R. 7.1(d)(5) as the motion is dispositive and has not previously been extended or adjourned.

      If the Court should have any questions or require any additional information, please do not hesitate to contact us.   We thank the Court for its attention to this matter.

Respectfully submitted,
**DeCotiis, FitzPatrick, Cole & Giblin, LLP**

By:   */s/ Gregory J. Hazley*

cc:  All counsel of record (via ECF)


SO ORDERED:

_____
BRIAN R MARTINOTTI, USDJ
Dated:  03/02/23

#3267442