UNITED STATES DISCRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEGAN SCHAFFER,**<br><br>                    Plaintiff,<br><br>v.<br><br>**BOROUGH OF PARAMUS; KEN RASCHEN in his individual and official capacity; JOSEPH "JAY" SEXTON in his individual and official capacity; ROBERT KAISER, in his individual and official capacity; ACE ANTONIO, in his individual and official capacity; JEANNE WEBER, in her individual and official capacity; WILLIAM R. COMERY, in his individual and official capacity; HECTOR OLMO, in his individual and official capacity,**<br><br>                    Defendants | Civ. Action No. 2:23-cv-00530 |

---

### BRIEF IN OPPOSITION TO MOTION TO REMAND

---

        Richard Malagiere
        Leonard E. Seaman
        THE LAW OFFICES OF RICHARD MALAGIERE
        A PROFESSIONAL CORPORATION
        250 Moonachie Road, Suite 300A
        Moonachie, New Jersey 07074
        (201) 440-0675
        Attorneys for Defendant, Robert Kaiser

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF FACTS .......................................................................1

LEGAL ARGUMENT ..............................................................................6

    I.    KAISER'S PETITION FOR REMOVAL WAS PROPER SINCE ALL DEFENDANTS EXPRESSED THEIR CONSENT ..................................................................................6

    II.    TIMELY REMOVAL OF THIS MATTER BY SEXTON AND ANTONIO MAKES PLAINTIFF'S MOTION TO REMAND MOOT ...............................................................9

    III.    PLAINTIFF SHOULD NOT BE AWARDED COSTS AND FEES...................................................................................9

CONCLUSION................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Canon Fin. Servs., Inc. v. Kalmus*,
   19-cv-20919, 2020 U.S. Dist. LEXIS 132972, 2020 WL 4333744
   (D.N.J. July 28, 2020) .................................................................................... 7

*Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*,
   841 F.2d 1254 (5th Cir. 1988) ....................................................................... 7

*Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182 (8th
   Cir. 2015) ....................................................................................................... 6

*Harper v. AutoAlliance Int'l, Inc.*,
   392 F.3d 195 (6th Cir. 2004) ......................................................................... 6

*In re Bethesda Memorial Hosp., Inc.*,
   123 F.3d 1407  (11th Cir. 1997) ................................................................... 7

*Maglioli v. Alliance HC Holdings LLC*,
   16 F.4th 393 (3d Cir. 2021) ........................................................................... 5

*Martin v. Franklin Cap. Corp.*,
   546 U.S. 132 (2005) ....................................................................................... 9

*Mayo v. Bd. of Educ.*,
   713 F.3d 735, 742 (4th Cir. 2013) ................................................................. 6

*Michalak v. ServPro Indus., Inc.*,
   18-cv-1727, 2018 U.S. Dist. LEXIS 106445, 2018 WL 3122327
   (D.N.J. June 26, 2018) .................................................................................. 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ....................................................................................... 6

*Pelle v. Dial Indus. Sales*,
   18-cv-12824, 2019 U.S. Dist. LEXIS 59997, 2019 WL 1513220
   (D.N.J. Apr. 8, 2019) ..................................................................................... 5

*Proctor v. Vishay Intertechnology Inc.*,
  584 F.3d 1208 (9th Cir. 2009) .................................................................... 6

*Roe v. O'Donohue*,
  38 F.3d 298 (7th Cir. 1994) ........................................................................ 6

*Russ v. UNUM Life Ins. Co.*,
  442 F. Supp. 2d 193 (D.N.J. 2006) ............................................................ 9

*Siebert v. Norwest Bank*,
  166 Fed. App'x 603 (3d Cir. 2006) ............................................................ 6

**Statutes**

28 U.S.C. § 1331 ............................................................................................. 5

28 U.S.C. § 1446 ............................................................................................. 5

28 U.S.C. § 1446(b)(2)(A) ............................................................................... 5

28 USCS § 1446(b)(2)(C) ................................................................................ 8

28 U.S.C. § 1447(c) ......................................................................................... 8

## STATEMENT OF FACTS

This is an employment discrimination case. Plaintiff, Megan Schaffer, is an employee of the defendant, Borough of Paramus (ECF No 1-1, Complaint ("Compl.") ¶ 1, p. 1).[1] She has been employed by the Borough since June of 2018 (Compl. ¶ 12, p. 3). She began as the Borough's Assistant Director of Recreation and was promoted to Director of Recreation in May of 2019 (Compl. ¶ 12, p. 3).

In addition to her employer, plaintiff sued seven individual defendants. The individual defendants are:

- Ken Raschen (Superintendent of the Borough's Shade Tree Department) (Compl. ¶ 3, p. 2),

- Joseph "Jay" Sexton (Assistant Superintendent of the Shade Tree Department) (Compl. ¶ 4, p. 2),

- movant, Robert Kaiser (a member of the Borough Council) (Compl. ¶ 5, p. 2),

- Ace Antonio (another council member) (Compl. ¶ 6, p. 2),

---

[1] After sections entitled "The Parties", "Jurisdiction and Venue", and "Facts Applicable to All Counts" in paragraphs numbered 1 through 173 through page 32 of the complaint, the pleading returns to paragraph number 1 in its first count on page 33 and continues in that fashion for its balance through paragraph 45. For clarity, citations to the complaint will include both the applicable paragraph number and page.

- Jeanne Weber (another council member) (Compl. ¶ 7, p. 2),

- William R. Comery (a member of the Shade Tree Commission) (Compl. ¶ 8, p. 2), and,

- Hector Olmo (the Borough Administrator) (Compl. ¶ 9, p. 2).

While plaintiff's complaint makes sweeping allegations spanning 29 pages in its "Facts Applicable to All Counts" section (Compl. ¶¶11-173, pp. 2-32), the gravamen of plaintiff's claims is that she has been subjected to discrimination and retaliation in her employment because of her gender.

Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, Bergen County. It was removed to this court by defendant Kaiser on January 30, 2023 (ECF No. 1). Plaintiff effected service on the defendants on the following dates:

| | |
|---|---|
| Borough Of Paramus | 12/29/2022 |
| Jeanne Weber | 12/29/2022 |
| Hector Olmo | 12/29/2023 |
| Robert Kaiser | 1/4/2023 |
| Ken Raschen | 1/5/2023 |
| William R. Comery | 1/11/2023 |
| Joseph "Jay" Sexton | 1/26/2023 |
| Ace Antonio | 1/26/2023 |

(Certification of Gregory J. Hazley, 2/21/2023 (ECF No. 4-1), Exhibit A)

All the other defendants filed a notice of consent to removal on February 24, 2023 (ECF No. 7). Moreover, two defendants—Sexton and Antonio—filed a separate, timely petition for removal on February 27, 2023 (ECF No. 8). That

5

petition filed by co-counsel for all defendants in this matter specifically expressed consent of all defendants to the removal (ECF No. 8, ¶ 9).

## LEGAL ARGUMENT

### I. KAISER'S PETITION FOR REMOVAL WAS PROPER SINCE ALL DEFENDANTS EXPRESSED THEIR CONSENT

When this court has original jurisdiction over a case because it "arises under" federal law like this one, defendants may remove the case from state to federal court. *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 413 (3d Cir. 2021) ("To remove a case under federal-question jurisdiction, a defendant must show that the case 'arises under" federal law.") (quoting 28 U.S.C. § 1331). A procedural hurdle when removing a case is explained under 28 U.S.C. § 1446, which requires "all defendants who have been properly joined and served [to] *join in or consent to* the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). That requirement is commonly referred to as the "rule of unanimity." The rule of unanimity originally existed as a creature of case law until the enactment of The Federal Courts Jurisdiction and Venue Clarification Act of 2011 which formally codified the rule within § 1446(b)(2)(A). *See, Pelle v. Dial Indus. Sales*, 18-cv-12824, 2019 U.S. Dist. LEXIS 59997, 2019 WL 1513220, at *2 n.5 (D.N.J. Apr. 8, 2019).

Despite this codification, Congress was silent as to the timing and form of consent required. *See, Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785

6

F.3d 1182, 1187 (8th Cir. 2015). Congress has never expressed when and how defendants must communicate their consent to removal and, as is the case here, whether the rule of unanimity is satisfied when other defendants voice their consent outside their 30-day time period to remove the matter.

It is unclear in this Circuit whether the rule of unanimity requires all defendants to provide the court with written consent within 30 days. *See, Siebert v. Norwest Bank*, 166 Fed. App'x 603, 607 n.2 (3d Cir. 2006) (noting the lack of clarity but declining to resolve it). Because neither the Supreme Court nor Congress has clarified the form consent must take, circuit courts have split on the issue. *See, Griffioen*, 785 F.3d at 1186 (holding all parties must support the removal notice in writing, but that said, writing may come after the 30 day removal period ends); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding not all parties are required to submit writing to the court indicating consent to removal); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (same); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (same); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (holding that a removal notice must be supported in writing), abrogated on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of*

*North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (same); *In re Bethesda Memorial Hosp.*, Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) (same).

Courts in this District differ concerning "what timeline, and in what form" a defendant must express consent. *Canon Fin. Servs., Inc. v. Kalmus*, 19-cv-20919, 2020 U.S. Dist. LEXIS 132972, 2020 WL 4333744, at *2 (D.N.J. July 28, 2020). At least two courts in this District have rejected a strict application of the rule of unanimity and denied motions to remand when other defendants subsequently notified the Court of their consent to the removal as occurred here. *See, Michalak v. ServPro Indus., Inc.*, 18-cv-1727, 2018 U.S. Dist. LEXIS 106445, 2018 WL 3122327, at *5 (D.N.J. June 26, 2018) (noting that defendants' tardiness in communicating their consent to removal to the court did not require remand); *Canon Fin. Servs.*, 2020 U.S. Dist. LEXIS 132972 at *3 (same).

For these same reasons, the subsequent consent to the removal by all defendants requires that the motion to remand be denied and this matter continue in this forum.

8

## II. TIMELY REMOVAL OF THIS MATTER BY SEXTON AND ANTONIO MAKES PLAINTIFF'S MOTION TO REMAND MOOT

Sexton and Antonio were not served until January 26, 2023. Each had until February 27, 2023 to file a petition for removal[2]. Both did (ECF No. 8). Their petition, filed by counsel for all defendants specifically expressed all defendants' consent to the removal (ECF No. 8, ¶ 9).

When defendants are served at different times—like they were here—the removal statute provides that if "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 USCS § 1446(b)(2)(C). That is what transpired here.

Thus, even if Kaiser's removal is deemed defective, this matter should not be remanded because the two later served defendants filed proper and timely petitions for removal, and this motion should be denied as moot.

## III. PLAINTIFF SHOULD NOT BE AWARDED COSTS AND FEES

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award

---

[2] Since the 30-day removal period for Sexton and Antonio ended on Saturday, February 25, 2023, their time to act was extended by *Fed. R. Civ. P.* 6(a)(1)(C) to the following Monday, February 27, 2023.

9

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Russ v. UNUM Life Ins. Co.*, 442 F. Supp. 2d 193, 200 (D.N.J. 2006).

In this instance Kaiser had an objectively reasonable basis to seek removal because of plaintiff's *Title VII* claims. Given the lack of clarity from Congress as to when and how consent of other defendants must be expressed and the mootness of this application due to co-defendants' timely removal, plaintiff's demand for legal fees should be denied.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that plaintiff's motion to remand should be denied.

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
The Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Defendant, Robert Kaiser

DATED: March 20, 2023