<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAN SCHAFFER,<br><br>    Plaintiff,<br><br>    v.<br><br>BOROUGH OF PARAMUS, *et al.*<br><br>    Defendants. | Case No. 2:23-cv-00530 (BRM) (MAH)<br><br>OPINION |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff Megan Schaffer's ("Schaffer") Motion to Remand. (ECF No. 4.) Defendant Robert Kaiser ("Kaiser") opposed the motion. (ECF No. 14), and Schaffer filed a reply. (ECF No. 15.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Schaffer's Motion to Remand is **DENIED**.

**I.  BACKGROUND**

  Schaffer filed a complaint on December 27, 2022, in the Superior Court of New Jersey, against the Borough of Paramus, Robert Kaiser, Ken Raschen, Joseph Sexton, Ace Antonio, Jeanne Weber, William R. Comery, and Hector Olmo (collectively "Defendants"), alleging various claims stemming from Schaffer's employment with the Borough of Paramus.[1] (ECF No. 4 at 3; ECF No. 14 at 4–6.) Defendants were served on the following dates:

---

[1] Schaffer sets forth no jurisdictional arguments in support of her motion to remand. Schaffer brings a claim against Defendants under Title VII of the Civil Rights Act of 1964 (Count II).

| | |
|---|---|
| Borough of Paramus: | December 29, 2022 |
| Jeanne Weber: | December 29, 2022 |
| Hector Olmo: | December 29, 2022 |
| Robert Kaiser: | January 4, 2023 |
| Ken Raschen: | January 5, 2023 |
| William R. Comery: | January 11, 2023 |
| Joseph Sexton: | January 26, 2023 |
| Ace Antonio: | January 26, 2023 |

(ECF No. 14 at 5.) On January 30, 2023, after all Defendants had been served, Kaiser filed a Notice of Removal ("NOR One") that contained no evidence of consent from other Defendants. (ECF No. 1.) On February 21, 2023, Schaffer moved to remand the case to the Superior Court of New Jersey. (ECF No. 4.) On February 24, 2023, all Defendants filed a notice of consent to removal. (ECF No. 7.) Additionally, on February 27, 2023, Defendants Sexton and Antonio filed a separate Notice of Removal ("NOR Two"). (ECF No. 8.) On March 20, 2023, Kaiser filed an opposition to Schaffer's motion to remand. (ECF No. 14.) On March 27, 2023, Schaffer filed a reply. (ECF No. 15.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There are two grounds for federal district court jurisdiction over a civil lawsuit. The first ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction, where "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, a federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction.

---

Accordingly, the Court has subject matter jurisdiction to hear Schaffer's suit. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 81 (3d Cir. 2003); 42 U.S.C. § 2000e-5(f)(3).

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of service.[2] 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Removal generally requires unanimity among the defendants. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("[W]hen there is more than one defendant, all must join in the removal petition."). "The requirement that all defendants must join in or consent to removal is more commonly referred to as the 'rule of unanimity.'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 518 (D.N.J. 2012). "Under the rule of unanimity, a failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of § 1447(c).'" *Id.* (quoting *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)). "Although [t]he [r]ule of [u]nanimity does not require each defendant to sign the actual notice of removal, courts generally require each defendant served in the action to provide 'some form of unambiguous written evidence of consent to the court in a timely fashion.'" *Burns v. City of Hoboken*, Civ. A. No. 10-5754, 2011 WL 2881311, at *2 (D.N.J. July 15, 2011) (quoting *Michaels v. New Jersey*, 955 F. Supp. 315, 321 (D.N.J. 1996)). "For the evidence of consent to be considered 'timely', it

---

[2] The thirty-day period in which a defendant must file a notice of removal may be triggered by events other than service. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .") (emphasis added). Here, the thirty-day period was triggered by service on each defendant.

must be submitted within the time for removal set forth in 28 U.S.C. § 1446." *Monaghan v. Cty. of Hackensack*, Civ. A. No. 13-4544, 2014 WL 112973, at *5 (D.N.J. Jan. 9, 2014).

"If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). "This rule is referred to as the 'last[-]served defendant rule.' Under the 'last[-]served defendant' rule, the defendant which was served last may remove the entire case within thirty days of being served." *Davis v. Yates*, Civ. A. No. 15-6943, 2016 WL 3921146, at *2 (D.N.J. July 20, 2016). However, if a later-served defendant files a notice of removal, earlier-served defendants must join in or consent to removal within thirty-days after the later-served defendant was properly served. *See Chagares v. Monmouth Med. Ctr.*, Civ. A. No. 21-20677, 2022 WL 3588103, at *3 (D.N.J. Aug. 22, 2022) (holding that removal was proper where a later-served defendant, who was added two years after the initial action was commenced, properly removed the case because all defendants joined in the notice of removal within thirty days of service of the later-served defendant); *Cacoilo*, 902 F. Supp. 2d at 518; *Raju v. 315 Willow Ave. Condo. Ass'n*, Civ. A. No. 07-3743, 2008 WL 314561, at *2 (D.N.J. Jan. 28, 2008); 28 U.S.C. § 1446.

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal

statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

### III.   DECISION

Schaffer argues that Defendants' failure to join in or consent to NOR One constitutes a defect in the removal procedure; and the later filing of the consents and/or NOR Two cannot affect the validity of NOR One. (ECF No. 4 at 9–14; ECF No. 15 at 2.) Additionally, Schaffer argues she is entitled to the costs and fees incurred in moving to remand the case. (ECF No. 4 at 13–14.) Kaiser, the only defendant to oppose Schaffer's motion to remand, contends Defendants' failure to join in his notice of removal does not constitute a defect because all Defendants subsequently expressed their consent to removal. (ECF No. 14 at 6–8.) Additionally, Kaiser asserts remand would be improper even if the Court finds NOR One defective because Defendants Sexton and Antonio filed NOR Two properly and timely. (*Id.* at 9.) Kaiser contends Schaffer should not be awarded any costs and fees. (*Id.* at 9–10.)

As to NOR One, Kaiser's thirty-day time limit to secure consent from all defendants began when he was properly served on January 4, 2023. *See Chagares*, 2022 WL 3588103, at *3; (ECF No. 14 at 5). In other words, all Defendants must have joined in or consented to NOR One on or before February 3, 2023. A notice of consent for all Defendants was filed on February 24, 2023, twenty-one days after the expiration of the thirty-day period. (ECF No. 7.) Kaiser's failure to secure consent from all co-defendants within thirty days of him being served constitutes a defect in the removal procedure, and subsequent untimely notices of consent from co-defendants cannot cure this defect. *Cacoilo*, 902 F. Supp. 2d at 518 ("Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under


Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period."); *Monaghan v. Cty. of Hackensack*, Civ. A. No. 13-4544, 2014 WL 112973, at *6 (D.N.J. Jan. 9, 2014).[3] Accordingly, the Court find NOR One to be procedurally defective.

As to NOR Two, the Court finds that Defendants Sexton and Antonio filed NOR Two properly and timely. "Under the '[last]-served defendant' rule, 'each defendant to an action is entitled to thirty days after service to remove an otherwise removable action." *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 342 (D.N.J. 2001). "As a result, a defendant's right to removal is protected without regard to when that defendant was served[,]" and "each defendant has an equal amount of time in which to decide whether or not to file a notice of removal." *Delalla v. Hanover Ins.*, 660 F.3d 180, 186 (3d Cir. 2011). "At bottom, the rule is meant to ensure that each defendant has a meaningful opportunity to be heard on the question of removal." *Mitchell v. Honda Fin. Servs. Corp.*, Civ. A. No. 17-831, 2017 WL 4837593, at *5 (W.D. Pa. Oct. 26, 2017) (quoting *Ortiz v. City of New York*, Civ. A. No. 13-136, 2013 WL 2413724, at *4 (S.D.N.Y June 4, 2013)). Additionally, "Congress has consistently sought to ensure that a defendant has 'adequate time' to consider removal after learning not only that it was the subject of a lawsuit, but also the basis for

---

[3] "A limited number of courts have exercised their discretion to permit defendants to cure technical defects in removal petitions" beyond the thirty-day time limit set forth by 28 U.S.C. § 1446. *Michaels*, 955 F. Supp. at 321. However, such exceptions are generally limited to instances of extraordinary circumstances. *See, e.g., Wal-Mart Stores, Inc. v. Elec. Ins. Co.*, Civ. A. No. 06-3132, 2007 WL 137238, at *4 (D.N.J. Jan. 18, 2007) (permitting defendants to cure a defect within the notice of removal beyond the thirty-day limit finding that extraordinary circumstances existed due to the court's significant investment in the case); *Michaels*, 955 F. Supp. at 322 (permitting defendants to cure a defect within the notice of removal beyond the thirty-day limit finding that extraordinary circumstances existed where there was no published opinion by any court in the district that provided guidance as to the defect existing in a defendant's notice of removal). Defendants do not argue, nor does the Court find, extraordinary circumstances exist to justify curing the defects in NOR One.

removal." *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 632 (D.N.J. 2009) (citing *Murphy Bros. Inc. v. Minchetti Pipe Stringing, Inc.*, 526 U.S. 344, 351–52 (1999)). In order to afford defendants with such "adequate time," Congress enacted the current version of § 1446(b), which provides each defendant with thirty days after receipt of service to file a notice of removal. *Murphy Bros.*, 526 U.S. at 351–52 (1999).

Sexton and Antonio were served on January 26, 2023, and timely filed their notice of removal on February 27, 2023.[4] Schaffer sets forth no argument contesting validity of NOR Two in her reply. Instead, she argues solely that NOR Two cannot affect the validity of NOR One, which the Court already found to be defective. Accordingly, Schaffer's motion to remand is **DENIED**.[5]

### IV. CONCLUSION

For the reasons set forth above, Schaffer's Motion to Remand (ECF No. 4) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 10, 2023

---

[4] While Sexton and Antonio filed NOR Two thirty-two days after they were served, their thirty-day deadline fell on a weekend. Therefore, Sexton and Antonio timely filed their notice of removal on February 27, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C).

[5] In light of the Court's holding, Schaffer's motion for payment for the costs and fees incurred as a result of the removal is moot.