# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAN SCHAFFER, <br><br>          Plaintiff, <br><br> v. <br><br> BOROUGH OF PARAMUS; KEN RASCHEN in his individual and official capacity; JOSEPH "JAY" SEXTON in his individual and official capacity; ROBERT KAISER, in his individual and official capacity; ACE ANTONIO, in his individual and official capacity; JEANNE WEBER, in her individual and official capacity; WILLIAM R. COMERY, in his individual and official capacity; HECTOR OLMO, in his individual and official capacity, <br><br>          Defendants. | Civil Action No. 2:23-cv-00530-BRM-MAH <br><br> Hon. Brian R. Martinotti, D.J. <br> Hon. Michael A. Hammer, M.J. <br><br> **Return Date: August 7, 2023** |

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION TO AMEND AND REMAND

**DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Gregory J. Hazley (Att'y #162622016)
61 South Paramus Road
Paramus, New Jersey 07652
(201) 928-1100 | ghazley@decotiislaw.com
*Attorneys for Plaintiff Megan Schaffer*

*On the Brief:*
Gregory J. Hazley

#3306723

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ...................................................................1

PROCEDURAL HISTORY ...........................................................................2

STATEMENT OF FACTS .............................................................................3

ARGUMENT ..................................................................................................4

POINT I

PLAINTIFF'S MOTION TO AMEND AND REMAND SHOULD BE
FULLY GRANTED BASED ON CONSENT, LACK OF FEDERAL
CLAIMS, AND THE EARLY STAGE OF THIS CASE ..............................4

CONCLUSION ..............................................................................................9

i

#3306723

# <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

### <u>Cases</u>

*257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*,
    No. 12-4091-JAD, 2016 WL 452311 (D.N.J. Feb. 5, 2016)...................................4

*Alicea v. Outback Steakhouse*,
    Civ. No. 10-4702-JLL-CCC, 2011 WL 1675036 (D.N.J. May 3, 2011) ...........7, 8

*Arab African Int'l Bank v. Epstein*,
    10 F.3d 168, 174 (3d Cir. 1993) .............................................................................4

*Borough of W. Mifflin v. Lancaster*,
    45 F.3d 780, 788 (3d Cir. 1995) .............................................................................6

*Brathwaite v. City of Long Branch*,
    No. 319CV18332-GC-JBD, 2023 WL 3034098 (D.N.J. Apr. 21, 2023)..............8

*Bringa v. Roque*,
    No. 2:13-3296-KM-MA, 2015 WL 857884 (D.N.J. Feb. 27, 2015).....................7

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
    556 U.S. 635, 639 (2009) .......................................................................................7

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343, 350 (1988) .......................................................................................7

*Crump v. Bank of Am.*,
    No. 16-362-NLH-AMD, 2016 WL 4926425 (D.N.J. Sept. 14, 2016)...............6, 7

*Cruz v. Aspen Landscaping Contracting, Inc.*,
    No. CV-208546-KM-JBC, 2021 WL 457858 (D.N.J. Feb. 8, 2021)................6, 8

*Del Sontro v. Cendant Corp.*,
    223 F. Supp. 2d 563, 576 (D.N.J. 2002)................................................................4

*Dirauf v. Berger*,
    57 F.4th 101, 109 (3d Cir. 2022) .......................................................................8, 9

#3306723

*Foman v. Davis*,
   371 U.S. 178, 182 (1962) ....................................................................4, 5

*Hedges v. Musco*,
   204 F.3d 109, 123 (3d Cir. 2000) .........................................................6

*Ortiz v. Univ. of Med. & Dentistry of N.J.*,
   Civ. No. 08-2669-JLL, 2009 WL 2194782 (D.N.J. July 23, 2009) ......................7

*Pryzbowski v. U.S. Healthcare, Inc.*,
   245 F.3d 266, 274 (3d Cir. 2001) .........................................................8

*Westmoreland Hosp. Asso. v. Blue Cross of W. Pa.*,
   605 F.2d 119, 123 (3d Cir. 1979) .........................................................6

## Statutes

28 U.S.C. § 1367(c) .........................................................................6, 7, 9
28 U.S.C. § 1441 ...............................................................................5
28 U.S.C. § 1447(c) ...........................................................................6

## Rules

Fed.R.Civ.P. 15 ................................................................................4

#3306723

## <u>PRELIMINARY STATEMENT</u>

Following denial of Plaintiff Megan Schaffer's initial motion to remand this case based solely on procedural defects in the removal process, Plaintiff moves to (1) amend her complaint – eliminating two federal claims and setting forth a hostile work environment and related claims sounding solely in New Jersey State law associated with her employment with the Borough of Paramus (the "Borough") – and (2) remand this case to the Superior Court of New Jersey.

The proposed First Amended Complaint contains no federal statutory or constitutional claims and Plaintiff respectfully requests her motion to amend be granted – counsel for the defendant Borough and five of the seven individual defendants has consented to the amended complaint – and that the Court in its discretion decline to exercise pendant or supplementary jurisdiction over the State law claims.

While subsequent amendment to a complaint eliminating federal claims after removal will not defeat federal jurisdiction, District Courts are vested with broad discretion to decline jurisdiction over remaining claims after all federal claims have been dismissed or withdrawn from an action.  Considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for remand at this earliest stage of the litigation, where no responsive pleading or discovery has taken place.

#3306723

For the reasons set forth herein, Plaintiff's motion to amend and remand should be fully granted.

## PROCEDURAL HISTORY

Plaintiff filed the underlying Verified Complaint (the "Complaint") on December 27, 2022 in the New Jersey Superior Court, Law Division, Bergen County Vicinage (Docket No. BER-L-6846-22), alleging six counts against the Borough of Paramus and individual defendants, including employees and public officials. ECF #1-1.  Four of the six claims were based in State law, including the New Jersey Law Against Discrimination and New Jersey Conscientious Employee Protection Act, while two claims of the original complaint were derived from Title VII of the federal Civil Rights Act of 1964. *Id.*  The proposed First Amended Complaint does not include any federal claims. *See* Certification of Gregory J. Hazley ("Hazley Cert."), Ex. A (proposed First Amended Complaint); Ex. B (mark-up of changes in proposed First Amended Complaint).

To date, no party has filed a responsive pleading.  On July 10, 2023, this Court issued an Opinion (ECF #16) and Order (ECF #17) denying Plaintiff's motion to remand based solely on procedural deficiencies in the removal process, finding that a January 30, 2023 removal (ECF #1) was procedurally defective, but that a second removal, filed after Plaintiff's motion to remand, met procedural requirements.

This motion to amend and remand follows.

#3306723

## STATEMENT OF FACTS

The court is familiar, through Plaintiff's recent motion, with the factual allegations of the complaint, which are substantially identical in the proposed First Amended Complaint.  By way of brief summary, Plaintiff's suit seeks to recover damages under the New Jersey Law Against Discrimination and New Jersey Conscientious Employee Protection Act based on her tenure as the Director of Recreation for the Borough.  A young woman serving in a male-dominated sector of public employment, Plaintiff was paid less than male counterparts and subject to near-daily harassment in a toxic work environment that ultimately forced her to resign, despite her pleas for assistance or action of any kind from her superiors and public officials.

The First Amended Complaint, in addition to removing two prior-asserted claims under Title VII of the Civil Rights Act, adds an additional count of post-complaint retaliation against fictitious defendants. Hazley Cert., Ex. A (Count Five). As such, only State law claims remain in the proposed First Amended Complaint. *Id.* at Counts One through Five.

Counsel of record for defendants Borough of Paramus, Ken Raschen, Joseph "Jay" Sexton, Jeanne Weber, William R. Comery, and Hector Olmo has consented to the First Amended Complaint. *See* Hazley Cert., ¶8.  Counsel for defendant Kaiser has indicated he is reviewing the amended complaint but has not yet consented,

3

#3306723

while counsel for defendant Antonio has not yet responded to a request for consent.

*Id.*

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION TO AMEND AND REMAND SHOULD BE FULLY GRANTED BASED ON CONSENT, LACK OF FEDERAL CLAIMS, AND THE EARLY STAGE OF THIS CASE

### A. Motion to Amend

Federal Rule of Civil Procedure 15 requires either opposing parties' consent or the court's leave to amend pleadings. Fed R. Civ. P. 15(a)(2).  The standard to grant a motion for leave is liberal, as Rule 15(a)(2) reads, "the court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded.")  Generally, there is a presumption in allowing a moving party to amend its pleadings. *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002). Still, "the decision to grant or deny leave to amend under Rule 15(a) is committed to the sound discretion of the district court." *257 Elizabeth Ave., LLC. v. Cont'l Cas. Co.*, No. 12-4091-JAD, 2016 WL 452311 (D.N.J. Feb. 5, 2016) (quoting *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (internal quotations omitted)).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the

4

#3306723

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment., etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. at 182.

Here, Plaintiff moves to file the First Amended Complaint, which removes redundant and derivative claims under Title VII of the Civil Rights Act and solely lodges claims under New Jersey State law against all defendants. Counsel of record for defendants Borough of Paramus, Ken Raschen, Joseph "Jay" Sexton, Robert Kaiser, Ace Antonio, Jeanne Weber, William R. Comery, and Hector Olmo has consented to the First Amended Complaint. *See* Certification of Gregory J. Hazley, ¶8. Additionally, there can be no allegation that plaintiff has demonstrated undue delay, bad faith, or dilatory motives, or that defendants will in any way be prejudiced by the filing of the First Amended Complaint. This case remains at the earliest stages.

Accordingly, Plaintiff respectfully requests the Court grant its motion for leave to file the First Amended Complaint.

### A. Motion to Remand

This matter was removed pursuant to 28 U.S.C. § 1441, which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

#3306723

the district court." After a case has been removed, a district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. <u>See</u> 28 U.S.C. § 1447(c).

The First Amended Complaint contains no federal claims and should be remanded to State court in the Court's discretion.  While a "subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction," *Westmoreland Hosp. Asso. v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979), a removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  While at the time of removal this Court had subject matter jurisdiction, 28 U.S.C. § 1367(c) provides that the Court has discretion to decline jurisdiction over remaining claims after all federal claims have been dismissed from an action. *Cruz v. Aspen Landscaping Contracting, Inc.*, No. CV-208546-KM-JBC, 2021 WL 457858, at *5 (D.N.J. Feb. 8, 2021) (granting motion to amend and remand).  The Third Circuit has held, subsequent to <u>Westmoreland</u>, that where the federal claims that formed the basis for original jurisdiction are dismissed or withdrawn, a "district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir.

#3306723

1995). *See also Crump v. Bank of Am.*, No. 16-362-NLH-AMD, 2016 WL 4926425, at *5 (D.N.J. Sept. 14, 2016) (remanding case in early pleading stages to state court after dismissal of federal claims, declining to exercise its jurisdiction to hear supplemental claims); *Bringa v. Roque*, No. 2:13-3296-KM-MA, 2015 WL 857884, at *6 (D.N.J. Feb. 27, 2015) (same).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). A district court's decision whether to exercise that jurisdiction in the absence of any claim over which it had original jurisdiction is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

The four factors for remand pursuant to 27 U.S.C. § 1367(c)(3) lend support for remand of this matter. There is no disadvantage of convenience of either the courts or the parties. *See Ortiz v. Univ. of Med. & Dentistry of N.J.*, Civ. No. 08-2669-JLL, 2009 WL 2194782, at *4 (D.N.J. July 23, 2009) (finding no disadvantage to remand after voluntary dismissal of federal claims with respect to convenience of either the courts or the parties, noting neither party put forward a compelling reason based on the convenience factor to favor federal court over the Superior Court of

7

New Jersey); *Alicea v. Outback Steakhouse*, Civ. No. 10-4702-JLL-CCC, 2011 WL 1675036, at *5 (D.N.J. May 3, 2011) (same, following filing of amended complaint that omitted prior-asserted Title VII claims and containing only state law claims).

As to fairness to litigants, the case remains at its earliest stages and presents no circumstances where the parties have invested time and resources into discovery or even responsive pleading in this forum. *See Brathwaite v. City of Long Branch*, No. 319CV18332-GC-JBD, 2023 WL 3034098, at *4 (D.N.J. Apr. 21, 2023) (remanding after three years of litigation in federal court as discovery was not yet completed). The principle of judicial economy similarly favors remand. While the Court's time and attention toward the initial procedural issues in this matter is cognizable and recognized,  no Court resources have yet been committed to the merits of the case. *See Cruz v. Aspen Landscaping Contracting, Inc.*, *supra*, 2021 WL 457858, at *5 (judicial economy factor weighed in favor of remand where motion to amend and remand was the court's first ruling in the case).

Nor is this a case where Plaintiff seeks to assert federal causes of action in the guise of State law to avoid pleading standards under federal law or where Plaintiff has "artfully pleaded [her] suit so as to couch a federal claim in terms of state law." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir.2001). Recognizing that "[p]arties are the masters of their pleadings," Plaintiff seeks to adjudicate her claims in State court, based on State law. *Dirauf v. Berger*, 57 F.4th 101, 109 (3d

Cir. 2022) ("a party can seek to drop a federal claim for any number of reasons, some of which may be manipulative while others are not"). The factors for remand support the Court's exercise of discretion pursuant to 27 U.S.C. § 1367(c)(3) to remand this matter back to the Superior Court of New Jersey.

## **<u>CONCLUSION</u>**

For the reasons set forth herein, Plaintiff respectfully requests that her motion to amend the complaint and remand the matter to the Superior Court of New Jersey, Law Division, Bergen County, be fully granted.

Respectfully submitted,

**DECOTIIS, FITZPATRICK,
  COLE & GIBLIN, LLP**

*/s/ Gregory J. Hazley*
Gregory J. Hazley (Att'y ID#162622016)
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: 201-928-1100
Fax: 201-928-0588
ghazley@decotiislaw.com

*Attorneys for Plaintiff,
  Megan Schaffer*

Dated: July 14, 2023

#3306723