UNITED STATES DISCRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEGAN SCHAFFER,<br><br>       Plaintiff,<br><br>v.<br><br>BOROUGH OF PARAMUS; KEN RASCHEN in his individual and official capacity; JOSEPH "JAY" SEXTON in his individual and official capacity; ROBERT KAISER, in his individual and official capacity; ACE ANTONIO, in his individual and official capacity; JEANNE WEBER, in her individual and official capacity; WILLIAM R. COMERY, in his individual and official capacity; HECTOR OLMO, in his individual and official capacity,<br><br>       Defendants | Civ. Action No. 2:23-cv-00530 |

**BRIEF IN OPPOSITION TO MOTION TO PLAINTIFF'S SECOND MOTION TO REMAND**

Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Defendant, Robert Kaiser

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF FACTS ...................................................................... 1

LEGAL ARGUMENT ............................................................................ 6

THE COURT SHOULD DECLINE TO REMAND THIS MATTER BECAUSE OF PLAINTIFF'S FORUM GAMEMANSHIP ...................... 6

CONCLUSION ..................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**


# **TABLE OF AUTHORITIES**

**Cases**

*Bonanni v. Purdy*,
    Civ. No. 13-6212, 2013 U.S. Dist. LEXIS 175055,
    2013 WL 6579129 (D.N.J. Dec. 13, 2013) ........................................ 6

*Carlsbad Tech. Inc. v. HIF Bio, Inc.*,
    556 U.S. 635 (2009) .................................................................................... 6

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) .................................................................................. 7

*Dirauf v. Berger*,
    506 F. Supp. 3d 254 (D.N.J. 2020),
    aff'd, 57 F.4th 101 (3d Cir. 2022) ...................................................... 7

*Osborn v. Haley*,
    549 U.S. 225 (2007) ............................................................................... 6

*Trans Penn Wax. Corp v. McCandless*,
    50 F.3d 217 (3d Cir. 1995) ................................................................... 7

**Statutes**

28 U.S.C. § 1367(c)(3) & (4) ....................................................................... 7

## PRELIMINARY STATEMENT

As an initial matter, defendant, Robert Kaiser does not object to the proposed amendments to plaintiff's complaint. As related in plaintiff's brief, the proposed amended complaint was under review by counsel for Kaiser at the time this motion was filed. Having had an opportunity to complete that analysis, Kaiser does not object to the proposed amendment.

Nevertheless, even with all her federal claims amended into extinction, this court should decline to remand this case. Plaintiff engaged in abject forum gamesmanship, first attempting to bring her claims—including those under federal law—in state court. Then seeking to remand the matter—with those federal claims—back to that forum, and only relinquishing them as a mechanism to attempt to remand the matter to her chosen forum. Her actions should not be rewarded. The matter should remain with this court no matter what claims plaintiff wants to pusue.

## STATEMENT OF FACTS

This is an employment discrimination case. Plaintiff, Megan Schaffer, is an employee of the defendant, Borough of Paramus (ECF No 1-1, Complaint ("Compl.") ¶ 1, p. 1).[1] She has been employed by the Borough since June of

---

[1] After sections entitled "The Parties", "Jurisdiction and Venue", and "Facts Applicable to All Counts" in paragraphs numbered 1 through 173 through page 32 of the complaint, the pleading returns to paragraph number 1 in its first count on

2018 (Compl. ¶ 12, p. 3). She began as the Borough's Assistant Director of Recreation and was promoted to Director of Recreation in May of 2019 (Compl. ¶ 12, p. 3).

In addition to her employer, plaintiff sued seven individual defendants. The individual defendants are:

- Ken Raschen (Superintendent of the Borough's Shade Tree Department) (Compl. ¶ 3, p. 2),

- Joseph "Jay" Sexton (Assistant Superintendent of the Shade Tree Department) (Compl. ¶ 4, p. 2),

- movant, Robert Kaiser (a member of the Borough Council) (Compl. ¶ 5, p. 2),

- Ace Antonio (another council member) (Compl. ¶ 6, p. 2),

- Jeanne Weber (another council member) (Compl. ¶ 7, p. 2),

- William R. Comery (a member of the Shade Tree Commission) (Compl. ¶ 8, p. 2), and,

- Hector Olmo (the Borough Administrator) (Compl. ¶ 9, p. 2).

---

page 33 and continues in that fashion for its balance through paragraph 45. For clarity, citations to the complaint will include both the applicable paragraph number and page.

While plaintiff's complaint makes sweeping allegations spanning 29 pages in its "Facts Applicable to All Counts" section (Compl. ¶¶11-173, pp. 2-32), the gravamen of plaintiff's claims is that she has been subjected to discrimination and retaliation in her employment because of her gender.

Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, Bergen County. It was removed to this court by defendant Kaiser on January 30, 2023 (ECF No. 1). Thereafter, two later served defendants, Sexton and Antonio, filed a second notice of removal, (ECF No. 8.)

In the meantime, Kaiser filed a motion to dismiss portions of plaintiff's complaint under *Fed. R. Civ. P.* 12(b)(6). (ECF No. 2.) Plaintiff cross-moved to remand the matter to the New Jersey state court. (ECF No. 4.) At plaintiff's request (ECF No. 5), Kaiser's motion to dismiss was administratively terminated pending resolution of plaintiff's cross-motion. (ECF No. 11.)

On July 10, 2023, the court denied plaintiff's motion to remand. (ECF No. 17.) The court reasoned that while Kaiser's petition for removal was procedurally defective, the second notice of removal by Sexton and Antonio was timely and noted that plaintiff had not set forth any argument contesting its validity. (ECF No. 16 at 7.)

Having lost the opportunity to return her case to state court intact, plaintiff now seeks to file an amended pleading without any federal claims and argues that the court should decline to retain the case.

## LEGAL ARGUMENT

### THE COURT SHOULD DECLINE TO REMAND THIS MATTER BECAUSE OF PLAINTIFF'S FORUM GAMEMANSHIP

After successful removal as occurred here, the elimination of the federal claims from the pleading does not "automatically divest this court of jurisdiction over the matter," *Bonanni v. Purdy*, Civ. No. 13-6212, 2013 U.S. Dist. LEXIS 175055, 2013 WL 6579129, at * 2 (D.N.J. Dec. 13, 2013). "A district court's decision whether to exercise supplemental jurisdiction after every claim over which it had original jurisdiction has been amended away, withdrawn or dismissed is 'purely discretionary,'" *Ibid.* (*quoting Carlsbad Tech. Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40 (2009)); *see Osborn v. Haley*, 549 U.S. 225, 245, (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have authority, consistent with Article III, to retain jurisdiction.").

The statute governing supplemental jurisdiction permits a district court to decline to exercise it if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there

6

are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3) & (4).

The Third Circuit has instructed that "[i]n deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Trans Penn Wax. Corp v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). This includes consideration of whether the motivation behind the amendment is to engage in forum gamesmanship. *See Carnegie-Mellon Univ.*, 484 U.S. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case."); *see Trans Penn Wax Corp*, 50 F.3d at 233 ("[A]n effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand."); *see also Dirauf v. Berger*, 506 F. Supp. 3d 254, 266 (D.N.J. 2020), aff'd, 57 F.4th 101 (3d Cir. 2022) ("[F]orum manipulation is but one factor under § 1367(c).").

Here, the plaintiff's patent attempts at forum manipulation should compel this court to decline to remand this matter. Plaintiff brought her complaint in state court focusing her claims on alleged violations of federal law. The first two counts of that pleading alleged that defendants violated Title VII of the Civil Rights Act of 1964. (Compl. ¶ 2, p. 33; ¶ 6, p. 33-34.)

7

Following the removal of this action because of those federal claims, plaintiff sought to remand it to state court relying on defects in Kaiser's removal petition but ignoring the valid removal petitions of the later served defendants. Having lost that motion, plaintiff now seeks to amend away—but not necessarily dismiss—her federal claims and asks to have her action returned to state court.

Plaintiff was the master of her complaint. If she did not want to be in federal court, she could have refrained from pleading claims under federal law. Having done so, she undoubtably knew that the defendants might remove the action to this court. When they did, she sought to remand solely due to the technical defects in Kaiser's removal. It is only after she lost the removal battle—because of the timely removal by Sexton and Antonio—that she finally seeks to abandon her federal claims in the hope of sending her case back to the state court.

Plaintiff's gamesmanship should not be rewarded. This court should retain jurisdiction and resolve this matter.

Moreover, even if this court declines to retain the matter, plaintiff should not be permitted to simply amend away federal claims which could allow her—if things don't go her way in state court—to bring them anew. Any remand should be conditioned on the dismissal with prejudice of any claims under federal law against the defendants that have accrued to date.

Finally, plaintiff's employment discrimination claims—state and federal—include fee shifting components that allow a successful plaintiff to receive counsel fees from the defendant. Plaintiff has not been successful in this court. Her motion to remand was denied, and for the reasons set forth above, her motion to amend and remand has been contested. Any remand order should include a provision that plaintiff will not be entitled to a fee award for any of the activities in this court.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that plaintiff's motion to remand should be denied.

>s/ Leonard E. Seaman
>Richard Malagiere
>Leonard E. Seaman
>The Law Offices of Richard Malagiere, P.C.
>250 Moonachie Road, Suite 300A
>Moonachie, New Jersey 07074
>(201) 440-0675
>Attorneys for Defendant, Robert Kaiser

DATED: August 7, 2023