------ LAW OFFICES ------

**DECOTIIS**
DeCotiis, FitzPatrick, Cole & Giblin, LLP

61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NEW JERSEY 07652
_____

NEW JERSEY
NEW YORK

TELEPHONE: (201) 928-1100
TELEFAX:     (201) 928-0588
WWW.DECOTIISLAW.COM

GREGORY J. HAZLEY, ESQ.
GHAZLEY@DECOTIISLAW.COM
201.347.2103

August 14, 2023

**VIA CM/ECF and Regular Mail**
Hon. Brian R. Martinotti, U.S.D.J.
United States District Court - District of New Jersey
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07101

      RE:   Megan Schaffer v. Borough of Paramus et al.
             Case No.: 2:23-cv-530-BRM-MAH

Dear Judge Martinotti:

This office represents Plaintiff Megan Schaffer in the above-referenced matter. Please accept this letter brief in lieu of a more formal reply in further support of Plaintiff's Motion to Amend and Remand (ECF #18) and in response to Defendant Robert Kaiser's opposition to same (ECF #21).

Defendant Kaiser stands alone among the eight defendants in opposing Plaintiff's motion, and argues remand should be denied because Plaintiff is engaging in "gamesmanship" and "forum manipulation" by solely pleading state law claims in the proposed First Amended Complaint and asking this Court to remand the matter to state court, where it was first filed. Defendant Kaiser offers no argument that the factors of economy, convenience, fairness and comity militate against remand – they

#3313313



firmly *support* remand – and instead asks this Court to retain jurisdiction ostensibly as some form of punishment against Plaintiff for initially pleading claims under 28 U.S.C. § 1983 and then eliminating them as redundant to state civil rights claims in the proposed First Amended Complaint.  We are aware of no decision holding such a course to be improper and Defendant Kaiser cites to none. See Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 220 (3d Cir. 1995) (remand affirmed against claim of forum manipulation after deletion of federal RICO claims); Cabibbo v. Parsons Inspection & Maintenance Corp., 2009 WL 3074731 at *1 (D.N.J. Sept. 23, 2009) (granting motion to remand on amended pleading's withdrawal of claims preempted by federal law).

Courts of this District routinely decline to exercise supplemental jurisdiction and grant motions to remand under similar circumstances. Alicea v. Outback Steakhouse, et al., No. 10-4702-JLL, 2011 WL 2444235 (D.N.J. June 9, 2011) and 2011 WL 1675036 (D.N.J. May 3, 2011) (remanding where amended complaint dropped federal claims); Bonanni v. Purdy, No. 13-6212-JBS-AMD, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) (remanding and declining supplemental jurisdiction where amended complaint eliminated federal claim alleged to be pleaded inadvertently); Pacheco v. Rosenberg, No. 12-4513-ES-SCM, 2013 WL 588246 (D.N.J. Feb. 13, 2013) and 2013 WL 588225, at *5 (D.N.J. Jan. 24, 2013)



(remanding and declining supplemental jurisdiction where party voluntarily dismissed federal claims).

Defendant Kaiser is correct that Plaintiff is the "master of her complaint" (Db at 8), yet erroneously suggests that because Plaintiff initially pleaded federal claims, she is bound by them in perpetuity, despite casting them aside. As the Third Circuit has observed, "Parties are the masters of their pleadings, and a party can seek to drop a federal claim for any number of reasons, some of which may be manipulative while others are not." Dirauf v. Berger, 57 F.4th 101, 109 (3d Cir. 2022) (affirming remand). The proposed First Amended Complaint re-casts Plaintiff's claims against the Borough of Paramus defendants exclusively as violations of state and common law; federal claims initially pleaded were superfluous to those asserted under the New Jersey Civil Rights Act. As Judge McNulty observed in his opinion affirmed by the Circuit Court in Dirauf, while "in a general sense" forum manipulation may be considered as a factor for remand under 28 U.S.C. § 1367(c), "[a] plaintiff may, however, choose its forum, and may select causes of action that can only be heard in one forum or the other." Dirauf v. Berger, 506 F. Supp. 3d 254, 267 (D.N.J. 2020), aff'd, 57 F.4th 101 (3d Cir. 2022). As the Dirauf District Court additionally observed, "[s]upplemental jurisdiction [is] routinely and presumptively rejected where, as here, a court 'has not expended substantial resources on [a] case,' which



was 'in its initial phases,' and where a plaintiff is attempting to vindicate 'substantive state rights.'" Id. (quoting Cabibbo, 2009 WL 3074731 at *7).

Even if this Court did find Plaintiff's amended pleading to be solely a jurisdictional maneuver, consideration of the values of judicial economy, convenience, fairness and comity, considered in light of the amended pleading sounding solely in state law and the early stage of this case, firmly support remand. Plaintiff has shown no bad faith and the parties are in no way prejudiced by the proposed amended complaint – which nearly all defendants consented to – or a remand as the case remains in the starting gate. As to comity, the nature of the claims against the Borough defendants depend upon New Jersey state law and the Superior Court of New Jersey has a much greater interest in adjudicating state law claims than does this federal District Court. See Boyd v. 320 Mt. Prospect LLC, No. 18-8770-SDW-SCM, 2020 WL 3492053, at *4 (D.N.J. May 19, 2020), report and recommendation adopted, No. 18-8770-SDW-SCM, 2020 WL 3489675 (D.N.J. June 26, 2020).

Defendant Kaiser also demands, with no citation to authority, that any remand be conditioned on dismissal with prejudice of "any claims under federal law against the defendants that have accrued to date." (Db at 8). We are aware of no procedural rule or case law that requires contingent dismissal of un-pleaded or set-aside claims for a remand to proceed. Statutes of limitations, precepts like the entire controversy



August 14, 2023
PAGE 5

doctrine and res judicata, court rules and rules of procedure control assertion (or reassertion) of claims and no basis exists to bar any future federal claims, be they hypothetical or previously pled.

Finally, Defendant Kaiser asks that any remand order bar plaintiff from recovering a fee award on her employment discrimination claims "for any activities in this court." (Db at 9). No fee application from Plaintiff is pending – discovery has not even commenced. No legal support is offered for such a restriction in a remand order; indeed, none exists. Such an request is both premature and improper.

For the reasons herein and set forth in Plaintiff's initial brief, Plaintiff respectfully requests her Motion to Amend and Remand be fully granted.

Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

By: ____*/s/ Gregory J. Hazley*____
    Gregory J. Hazley

cc:   Hon. Michael A. Hammer, U.S.M.J. (via ECF and regular mail)
      All counsel of record (via ECF)

#3313313