**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **MEGAN SCHAFFER,** | : | **Civil Action No. 23-530 (BRM) (MAH)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **REPORT & RECOMMENDATION** |
| **v.** | : | |
| | : | |
| **BOROUGH OF PARAMUS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## I.   INTRODUCTION

This matter is presently before the Court on the motion of Plaintiff Megan Schaffer to amend her Complaint and to remand the action to the Superior Court of New Jersey, Law Division, Bergen County.  *See* Pl.'s Mot. to Amend & Remand, D.E. 18.  The Honorable Brian R. Martinotti, U.S.D.J., referred this matter to the Undersigned to issue a Report and Recommendation.  This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion to amend and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

## II.   BACKGROUND

Plaintiff was an employee of Defendant Borough of Paramus ("Borough"), starting in June 2018.  Compl., D.E. 1-1, ¶ 12.  Plaintiff originally was hired as the Borough's Assistant Director of Recreation.  However, she also served as the Director of Recreation from May 2019 until her resignation on November 18, 2022.  *Id.*  On December 27, 2022, Plaintiff filed a Complaint against the Borough and seven additional Defendants, Ken Raschen, Joseph Sexton,

Robert Kaiser, Ace Antonio, Jeanne Weber, William R. Comery, and Hector Olmon.  *Id.* ¶¶ 3-9.

Plaintiff alleges that the Defendants discriminated against her based on her gender, retaliated

against her, and created a hostile work environment that ultimately compelled her resignation.

*Id.* ¶¶ 14-173.  In her five-count Complaint, Plaintiff asserts claims for unlawful discrimination,

hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991 ("Title VII"), as well as unlawful

discrimination,  retaliation, and aiding and abetting in violation of the New Jersey Law Against

Discrimination ("NJLAD").  Finally, Plaintiff also asserts a claim for unlawful retaliation under

the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq.  *Id.* at pp. 33-

39.

　　　　Plaintiff originally filed this matter in the Superior Court of New Jersey, Law Division,

Bergen County.  On January 30, 2023, Defendant Kaiser removed the action to this Court based

on federal question jurisdiction under 28 U.S.C. § 1331.  Notice of Removal, D.E. 1, at 4.[1]

Plaintiff now moves to amend her Complaint to eliminate the two federal claims and add a

hostile work environment and related claims, as well as post-complaint retaliation claim, under

New Jersey State law.  Br. in Supp., D.E. 18-1, at 1.  Plaintiff also requests that the Court decline

to exercise pendant or supplementary jurisdiction over the state law claims and remand this case

---

[1] On February 21, 2023, Plaintiff moved to remand the case, arguing that Kaiser had failed to
present evidence that he had obtained consent to removal from the other Defendants.  Mot. to
Remand, D.E. 4.  On February 24, 2023, all Defendants filed a Notice of Consent to Removal.
D.E. 7.  Additionally, on February 27, 2023, Defendants Sexton and Antonio, who were served
on January 26, 2023, filed a second notice of removal.  Second Notice of Removal, D.E. 8.
Accordingly, the District Court denied Plaintiff's motion to remand, finding that although the
first notice of removal was procedurally defective, the second was both proper and timely.
Opinion, D.E. 16, at 5-7.

to state court.[2]  *Id.*  No Defendant opposes Plaintiff's motion to amend.  *Id.* at 1; Kaiser Br. in

Opp., D.E. 21, at 4 (opposing Plaintiff's request to remand but not her request to amend).  On the

issue of remand, only Defendant Kaiser objects.  He contends that Plaintiff, in seeking to have

this case remanded to state court, is engaging in forum shopping, and the Court should not

reward her "gamesmanship".  Kaiser Br. in Opp., D.E. 21, at 8.

## III.   ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive.  *In re U.S.*

*Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than

a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel

proceeding is pending in the state court.").  Accordingly, this Court addresses Plaintiff's motion

via Report and Recommendation.

### A.  Motion To Amend the Complaint

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to

amend: 'The Court should freely give leave when justice so requires.'"  *Spartan Concrete*

*Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P.

15(a)(2)); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to

amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted).  Permitting

amendments liberally effectuates the policy expressed in the Federal Rules of Civil Procedure

that cases be resolved on their merits.  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017)

(quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

Accordingly, the Court may deny leave to amend the pleadings only where there is (1) undue

---

[2]  Plaintiff concedes that amending her Complaint does not divest the Court of jurisdiction over
her state law claims but asks the Court to decline to do so.  Br. in Supp., D.E. 18-1, at 1, 5-6.

delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

No party opposes Plaintiff's motion to amend. *See* Br. in Supp., D.E. 18-1, at 1; Kaiser Br. in Opp., D.E. 21, at 4. Moreover, the Court finds that permitting Plaintiff to amend her Complaint to eliminate two federal claims and add a hostile work environment and related claims under New Jersey State law would not cause undue delay or undue prejudice. This matter was only recently removed to this Court, and is still in its most nascent stages of litigation. Further, no defendant argues, nor does the Court discern, a dilatory motive in proposing the amendments. Finally, applying the pleading standard of Federal Rule of Civil Procedure 8, the Court cannot say that the proposed amendments are futile. Plaintiff's proposed amended pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief" for the claims she proposes to add. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

**B. Motion To Remand**

Removal of a civil case to a federal court is governed by 28 U.S.C. § 1441. A defendant may remove an action brought originally in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. 28 U.S.C. § 1441(b); *see also* 28 U.S.C. §1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . "). The propriety of removal is "determined according to the plaintiff's pleading at the time of the petition for the removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

Amendments to a complaint made after removal that are designed to eliminate a federal claim do not necessarily defeat federal jurisdiction. *Seawright v. Greenberg*, 233 Fed. App'x 145, 148 (3d Cir. 2007); *see also Bonanni v. Purdy*, Civ. No. 13-6212, 2013 WL 6579129, at * 2 (D.N.J. Dec. 13, 2013) (after removal, Plaintiff's elimination of federal claims does not "automatically divest this court of jurisdiction over the matter".). Although the federal claims may fall away, whether by amendment or dismissal on motion, the district court has the discretion under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over any remaining state claims. *Bonanni*, 2013 WL 6579129, at * 2 (*quoting Carlsbad Tech. Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40 (2009)).

In this case, the Court had subject matter jurisdiction over Plaintiff's Complaint when this matter was removed because Plaintiff alleged claims under federal law pursuant to Title VII. *See* 28 U.S.C. § 1441(c). Though Plaintiff's removal of the federal claims from her Complaint does not divest the Court of its jurisdiction, *Seawright*, 233 F. App'x at 148, Plaintiff requests that the Court decline to exercise supplemental jurisdiction over her state law claims. *See* Br. in Supp., D.E. 18-1, at 1, 5-6. Kaiser urges this Court to deny Plaintiff's request. Kaiser Br. in Opp., D.E. 21, at 6-9. He contends that Plaintiff is engaging in forum gamesmanship by amending her Complaint to remove her federal claims in an effort to proceed with her claims in state court. *Id.*

It is well-settled that where federal claims that were the basis for a court's jurisdiction are dismissed, "[i]n deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Trans Penn Wax. Corp v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). A district court also should take any attempt to manipulate the forum into account when determining whether or not to retain supplemental jurisdiction. *Carnegie-Mellon*

*Univ.*, 484 U.S. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.").

In this case, it may be that Plaintiff removed her federal claims so that she might litigate her case in state court. But it is also equally true that Plaintiff, as she contends, may have decided to eliminate her federal claims simply because her federal claims are duplicative of, and superfluous to, her state law claims. Reply Br. in Supp., D.E. 23, at 3. *See Dirauf v. Berger,* 57 F.4th 101, 109 (3d Cir. 2022). As the master of her pleading, Plaintiff is within her right to amend her Complaint to add or remove claims, particularly at such an early stage in the proceedings. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *see also Dirauf v. Berger,* 57 F.4th 101, 109 (3d Cir. 2022) ("[P]arties are the masters of their pleadings, and a party can seek to drop a federal claim for any number of reasons, some of which may be manipulative while others are not").

Further, the Court cannot find Plaintiff's desire to remove her federal claims from her Complaint the result of manipulation. This is not the sort of case where Plaintiff has suffered adverse rulings here and now seeks to try her luck in state court. To the contrary, Plaintiff has demonstrated her desire to be in state court from the outset, having moved previously to remand this matter to state court shortly after Kaiser improperly removed the action. *See* Opinion, D.E. 16. Moreover, whether Plaintiff has engaged in manipulation of the forum is merely one factor for the Court to consider in determining whether to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Trans Penn Wax Corp.*, 50 F.3d at 233 ("[A]n effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision

whether to remand.").

The remaining factors--judicial economy, convenience, fairness, and comity--weigh decisively in support of declining to exercise supplemental jurisdiction.  This case is still in its earliest stages.  A pretrial scheduling order has not yet been entered, and discovery has not begun.  Accordingly, judicial economy weighs in favor of remand.  Further, Defendant Kaiser can hardly be heard to complain about undue delay or prejudice arising from remand.  Further, this Court finds no drawback to remand with respect to convenience for either the parties or the Court, nor does Defendant set forth a persuasive reason in terms of convenience for the Court to retain jurisdiction over this matter.  Finally, considerations of comity also weigh in favor of remand.  This case now presents purely state law causes of action, and other than the remand issues, this Court has not engaged in the case to any substantial degree.  *Dirauf,* 506 F. Supp. 3d 254, 267 (D.N.J. 2020) (declining to exercise supplemental jurisdiction in a case still in its early stages, and where the court had not "expended substantial resources" on the matter) (internal citation omitted).  Therefore, this Court recommends that the District Court grant the instant motion and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.[3]

---

[3] The Court rejects Defendant Kaiser's demands that any remand require the dismissal with prejudice of federal law claims accrued to date.  It appears Defendant Kaiser's concern is that if Plaintiff does not succeed in state court, that she might seek to renew her claims here.  *See* Br. in Opp., D.E. 21, at 8.  But Defendant Kaiser offers no legal support for this proposition.  Further, it strikes the Undersigned that Defendant Kaiser seeks an advisory opinion on procedural developments that have not occurred and, indeed, might never occur.

The Court also rejects Defendant Kaiser's demand that the Court bar any future claim for attorneys' fees as a prevailing party under NJLAD to the extent those fees seek compensation for "any activities in this court."  *Id.* at 9.  Passing that this request also seeks an advisory opinion on matters that have not yet transpired, this issue is clearly better left to the state court to address in an application for attorneys' fees, if Plaintiff ever makes such a motion.

**IV.    CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiff's motion to amend and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

The parties are reminded that they have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

_s/ Michael A. Hammer_
**UNITED STATES MAGISTRATE JUDGE**

**Dated**:  September 6, 2023