## UNITED STATES DISCRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MEGAN SCHAFFER,**<br><br>                    Plaintiff,<br><br>v.<br><br>**BOROUGH OF PARAMUS; KEN RASCHEN in his individual and official capacity; JOSEPH "JAY" SEXTON in his individual and official capacity; ROBERT KAISER, in his individual and official capacity; ACE ANTONIO, in his individual and official capacity; JEANNE WEBER, in her individual and official capacity; WILLIAM R. COMERY, in his individual and official capacity; HECTOR OLMO, in his individual and official capacity,**<br><br>                    Defendants | Civ. Action No. 2:23-cv-00530 |

## DEFENDANT ROBERT KAISER'S OJECTIONS TO THE REPORT AND RECOMMENDATION DATED SEPTEMBER 6, 2023

Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Defendant, Robert Kaiser

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................ ii

FACTUAL BACKGROUND ................................................................1

LEGAL ARGUMENT .........................................................................5

     THE STANDARD OF REVIEW ...................................................5

     THE MAGISTRATE JUDGE ERRED IN FINDING PLAINTIFF'S
     DESIRE TO REMOVE HER CLAIMS WAS NOT THE RESULT
     OF MANIPULATION .................................................................6

CONCLUSION....................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Bonanni v. Purdy*,
   Civ. No. 13-6212, 2013 U.S. Dist. LEXIS 175055, 2013 WL
   6579129 (D.N.J. Dec. 13, 2013) ........................................................ 6

*Carlsbad Tech. Inc. v. HIF Bio, Inc.,*
   556 U.S. 635, 639-40 (2009) ............................................................ 6

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988) ......................................................................... 7

*Dirauf v. Berger*,
   506 F. Supp. 3d 254 (D.N.J. 2020),
   aff'd, 57 F.4th 101 (3d Cir. 2022) ................................................... 7

*Osborn v. Haley*,
   549 U.S. 225, 245, (2007) ................................................................ 6

*Trans Penn Wax. Corp v. McCandless*,
   50 F.3d 217 (3d Cir. 1995) .............................................................. 7

**Statutes**

28 U.S.C. § 1367(c)(3) & (4) ...................................................................... 6

28 U.S.C. § 636(b)(1) .................................................................................. 6

**Rules**

*Fed. R. Civ. P.* 72(b)(3) ............................................................................. 6

*L.Civ.R.* 72.1(c)(2) .................................................................................... 5

## <u>FACTUAL BACKGROUND</u>

This is an employment discrimination case. Plaintiff, Megan Schaffer, is an employee of the defendant, Borough of Paramus (ECF No 1-1, Complaint ("Compl.") ¶ 1, p. 1).[1] She has been employed by the Borough since June of 2018 (Compl. ¶ 12, p. 3). She began as the Borough's Assistant Director of Recreation and was promoted to Director of Recreation in May of 2019 (Compl. ¶ 12, p. 3).

In addition to her employer, plaintiff sued seven individual defendants. The individual defendants are:

- Ken Raschen (Superintendent of the Borough's Shade Tree Department) (Compl. ¶ 3, p. 2),

- Joseph "Jay" Sexton (Assistant Superintendent of the Shade Tree Department) (Compl. ¶ 4, p. 2),

- movant, Robert Kaiser (a member of the Borough Council) (Compl. ¶ 5, p. 2),

- Ace Antonio (another council member) (Compl. ¶ 6, p. 2),

---

[1] After sections entitled "The Parties", "Jurisdiction and Venue", and "Facts Applicable to All Counts" in paragraphs numbered 1 through 173 through page 32 of the complaint, the pleading returns to paragraph number 1 in its first count on page 33 and continues in that fashion for its balance through paragraph 45. For clarity, citations to the complaint will include both the applicable paragraph number and page.

- Jeanne Weber (another council member) (Compl. ¶ 7, p. 2),

- William R. Comery (a member of the Shade Tree Commission) (Compl. ¶ 8, p. 2), and,

- Hector Olmo (the Borough Administrator) (Compl. ¶ 9, p. 2).

While plaintiff's complaint makes sweeping allegations spanning 29 pages in its "Facts Applicable to All Counts" section (Compl. ¶¶11-173, pp. 2-32), the gravamen of plaintiff's claims is that she has been subjected to discrimination and retaliation in her employment because of her gender.

Plaintiff originally filed this action in the Superior Court of New Jersey, Law Division, Bergen County. It was removed to this Court by defendant Kaiser on January 30, 2023 (ECF No. 1). Thereafter, two later served defendants, Sexton and Antonio, filed a second notice of removal, (ECF No. 8.)

In the meantime, Kaiser filed a motion to dismiss portions of plaintiff's complaint under *Fed. R. Civ. P.* 12(b)(6). (ECF No. 2.) Plaintiff cross-moved to remand the matter to the New Jersey state court. (ECF No. 4.) At plaintiff's request (ECF No. 5), Kaiser's motion to dismiss was administratively terminated pending resolution of plaintiff's cross-motion. (ECF No. 11.)

On July 10, 2023, this Court denied plaintiff's motion to remand. (ECF No. 17.) The Court reasoned that while Kaiser's petition for removal was procedurally defective, the second notice of removal by Sexton and Antonio was

timely and noted that plaintiff had not set forth any argument contesting its validity. (ECF No. 16 at 7.)

Having lost the opportunity to return her case to state court intact, plaintiff sought to file an amended pleading without any federal claims and argued that this court should decline to retain the case and remand it to New Jersey state court. (ECF No. 18.) None of the defendants opposed plaintiff's motion to amend. Kaiser opposed the motion to remand. (ECF No. 21.)

In a Report and Recommendation dated September 6, 2023, Magistrate Judge Hammer recommended that this court grant plaintiff's motion in its entirety. (ECF No. 24.) Kaiser submits the following objections to those aspects of the Magistrate Judge's recommendations related to the remand of this matter to state court.

## LEGAL ARGUMENT

### THE STANDARD OF REVIEW

Local Civil Rule 72.1(c)(2) requires an objecting party to "serve on all parties written objections which shall specifically identify the portions of the proposed … recommendations or report to which objection is made and the basis of such objection." *L.Civ.R.* 72.1(c)(2). The same rule requires the Court to "make a de novo determination of those portions to which objection is made" and the Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the Magistrate Judge." *Id.*; *accord* 28 U.S.C. § 636(b)(1); *Fed. R. Civ. P.* 72(b)(3).

### THE MAGISTRATE JUDGE ERRED IN FINDING PLAINTIFF'S DESIRE TO REMOVE HER CLAIMS WAS NOT THE RESULT OF MANIPULATION

After successful removal as occurred here, the elimination of the federal claims from the pleading does not "automatically divest this court of jurisdiction over the matter," *Bonanni v. Purdy*, Civ. No. 13-6212, 2013 U.S. Dist. LEXIS 175055, 2013 WL 6579129, at * 2 (D.N.J. Dec. 13, 2013). "A district court's decision whether to exercise supplemental jurisdiction after every claim over which it had original jurisdiction has been amended away, withdrawn or dismissed is 'purely discretionary,'" *Ibid.* (*quoting Carlsbad Tech. Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40 (2009)); *see Osborn v. Haley*, 549 U.S. 225, 245, (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have authority, consistent with Article III, to retain jurisdiction.").

The statute governing supplemental jurisdiction permits a district court to decline to exercise it if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3) & (4).

6

The Third Circuit has instructed that "[i]n deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Trans Penn Wax. Corp v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). This includes consideration of whether the motivation behind the amendment is to engage in forum gamesmanship. *See Carnegie-Mellon Univ.*, 484 U.S. at 357 ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case."); *see Trans Penn Wax Corp*, 50 F.3d at 233 ("[A]n effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand."); *see also Dirauf v. Berger*, 506 F. Supp. 3d 254, 266 (D.N.J. 2020), aff'd, 57 F.4th 101 (3d Cir. 2022) ("[F]orum manipulation is but one factor under § 1367(c).").

Here, the plaintiff's patent attempts at forum manipulation should compel this Court to decline to remand this matter. Plaintiff brought her complaint in state court focusing her claims on alleged violations of federal law. The first two counts of that pleading alleged that defendants violated Title VII of the Civil Rights Act of 1964. (Compl. ¶ 2, p. 33; ¶ 6, p. 33-34.)

Following the removal of this action because of those federal claims, plaintiff sought to remand it to state court relying on defects in Kaiser's removal

petition but ignoring the valid removal petitions of the later served defendants. Only after she lost that motion did plaintiff seek to amend away her federal claims to provide an exit ramp back to state court.

Plaintiff was the master of her complaint. If she did not want to be in federal court, she could have refrained from pleading claims under federal law. Having done so, she undoubtably knew that the defendants might remove the action to this court. When they did, she sought to remand solely due to the technical defects in Kaiser's removal and ignoring the wholly appropriate action to remove this case by the later served defendants. It is only after she lost the removal battle—because of the timely removal by Sexton and Antonio—that she finally sought to abandon her federal claims in the hope of sending her case back to the state court.

This was nothing less than gamesmanship on the part of plaintiff, and the Magistrate Judge's failure to recommend denial the remand application because of it was erroneous. The Magistrate Judge found that "[t]his is not the sort of case where Plaintiff has suffered adverse rulings here and now seeks to try her luck in state court" (ECF No. 24 at 6), but it precisely was.

Plaintiff took a bite at the remand apple and lost. (ECF No. 17.) If she had not wanted this action to remain in federal court, she could have included amending away her federal claims as part of that application. The facts

demonstrate that plaintiff wanted to litigate all her claims—state and federal—in state court. She brought the action there and then attempted to have all her claims sent back in her initial motion to remand. It is only after she failed in that attempt that she chose to substitute state law causes of action for her federal claims to have her case sent back to state court.

Plaintiff's gamesmanship should not be rewarded. Merely shedding her federal claims should not afford her the opportunity to escape the forum where this matter rightly belongs. This court should retain jurisdiction and resolve this matter.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that this Court should decline to adopt the portion of the Magistrate Judge's recommendation that this matter be remanded to the Superior Court of New Jersey.

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
The Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Defendant, Robert Kaiser

DATED: September 20, 2023