------ LAW OFFICES ------

**DECOTIIS**
DeCotiis, FitzPatrick, Cole & Giblin, LLP

61 SOUTH PARAMUS ROAD, SUITE 250
PARAMUS, NEW JERSEY 07652

NEW JERSEY
NEW YORK

TELEPHONE: (201) 928-1100
TELEFAX:    (201) 928-0588
WWW.DECOTIISLAW.COM

GREGORY J. HAZLEY, ESQ.
GHAZLEY@DECOTIISLAW.COM
201.347.2103

October 5, 2023

**VIA CM/ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court - District of New Jersey
Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07101

    RE:   **Megan Schaffer v. Borough of Paramus et al.**
             **Case No.: 2:23-cv-530-BRM-MAH**

Dear Judge Martinotti:

This office represents Plaintiff Megan Schaffer in the above-referenced matter. Please accept this letter brief in lieu of a more formal reply in response to Defendant Robert Kaiser's opposition (ECF #24) to Magistrate Hammer's Report & Recommendation to grant Plaintiff's motion to amend and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County (ECF #24).

In objecting to the Magistrate's Report & Recommendation, Defendant Kaiser repeats arguments made in opposition to Plaintiff's motion. While Plaintiff recognizes this Court's mandate to make a *de novo* determination of "those portions to which objection is made," per L.Civ.R. 72.1(c)(2), we respectfully submit that the Magistrate's Report & Recommendation rests squarely within the reasonable and

#3332340



sound discretion of the Court, rooted firmly in the limited record in this case, and should be fully adopted as the Court's findings of fact and conclusions of law.

As amended, no federal claims will remain in this case to warrant this Court's retention. No discovery has commenced, and no gamesmanship performed – the principles of judicial economy, fairness, convenience and comity all favor remand, as the Magistrate's Report & Recommendation cogently recognizes. Defendant Kaiser, who filed a removal application that this Court found to be deficient (ECF #11, finding later-filed removal notice by another defendant to be valid), now contends Plaintiff's motion should be denied because she should have filed a motion to amend in her earlier application for remand. Kaiser also argues Plaintiff's motion is merely a bid to escape adverse rulings in this forum, an argument that simply does not hold water as the only ruling in this case was a procedural denial of Plaintiff's initial remand motion. Finally, Kaiser suggests Plaintiff is trying to "escape the forum where this matter rightly belongs," but offers no factual or jurisdictional support as to why a complaint sounding solely in state law belongs in federal court.

Plaintiff's complaint, as amended, is a state law action and Plaintiff, as the master of her complaint, seeks to litigate the matter in state court. In all, Defendant Kaiser offers no cognizable reason for this Court to reject the Magistrate's Report & Recommendation to grant Plaintiff's motion to amend and remand.



October 5, 2023
PAGE 3

Respectfully submitted,

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

By: ___*/s/ Gregory J. Hazley*___
       Gregory J. Hazley

cc: All counsel of record (via ECF)