## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MEGAN SCHAFFER,

       Plaintiff,

       v.

BOROUGH OF PARAMUS, *et al.*

       Defendants.

Case No. 2:23-cv-00530 (BRM) (MAH)

**ORDER**

   **THIS MATTER** is opened to the Court on the Report and Recommendation of the Honorable Michael A. Hammer, U.S.M.J., dated September 6, 2023 (ECF No. 24), wherein he recommends that plaintiff Megan Schaffer's ("Schaffer") motion to amend her Complaint and remand this action to the Superior Court of New Jersey, Law Division, Bergen County (*see* ECF No. 18). Specifically, Schaffer is moving to amend her Complaint by removing two federal claims and adding new state law claims. (ECF No. 18-1 at 1.) In her motion to remand, Schaffer requests the Court to decline exercising supplemental jurisdiction over the state law claims. (*Id.*) No defendants oppose the motion to amend (ECF No. 18-1 at 1), and only defendant Robert Kaiser ("Kaiser") opposes the motion to remand (ECF No. 21 at 4). In his opposition, Kaiser argues that Schaffer is engaging in forum shopping. (*Id.* at 8.)

   In his Report and Recommendation, Judge Hammer accurately described the liberal standard for motions to amend pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 24 at 3.) Specifically, "the Court may deny leave to amend the pleadings only where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment." (*Id.* at 3–4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Grayson v. Mayview*

1

*State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2003)).) Judge Hammer found the amendment would not cause undue delay or prejudice, explaining that the claim was "in its most nascent stages of litigation." (*Id.* at 4.) Further, Judge Hammer found that no defendant argues a dilatory motive, and that Schaffer's amended complaint is proper pursuant to Fed. R. Civ. P. 8. (*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).) Accordingly, Judge Hammer recommended the District Court to grant Schaffer's motion to amend. (*Id.* at 8.)

Judge Hammer also accurately explained that an amendment to a complaint made after a claim's removal, where the amendment eliminates a federal claim, does not defeat federal jurisdiction. (*Id.* at 5 (citing *Seawright v. Greenberg*, 233 F. App'x 145, 148 (3d Cir. 2007) (citations omitted).) Rather, a district court will have discretion under 28 U.S.C. § 1367 as to whether to exercise supplement jurisdiction over any remaining state claims. (*Id.* (citing *Bonanni v. Purdy*, Civ. No. 13-6212, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) (citations omitted).)

After acknowledging both parties' arguments regarding the motion, Judge Hammer explained that a district's court, in its discretion, "should consider what best serves the principles of economy, convenience, fairness, and comity." (*Id.* (quoting *Trans Penn Wax. Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995)) (citations omitted).) Schaffer may have removed the federal claims to litigate in state court, or may have eliminated state claims because the federal claims are duplicative or superfluous to her state claims. (*Id.* at 6 (citations omitted).) Either way, Judge Hammer found Schaffer is within her right to amend her Complaint at this early stage in the proceedings. (*Id.* (citations omitted).) Specifically, Schaffer has maintained a desire to litigate in state court, and the motion to remand does not arise from Schaffer "suffer[ing] adverse rulings here and [is] now seek[ing] to try her luck in state court." (*Id.*) Further, Judge Hammer contended that manipulation of the forum is merely one factor of the discretionary considerations, finding

that judicial economy weighs in favor of remand, there is no drawback with respect to convenience for the parties or the Court, and considerations of comity weigh in favor of remand. (*Id.* at 7.) Additionally, "this Court has not engaged in the case to any substantial degree." (*Id.* (citing *Dirauf v. Berger*, 57 506 F. Supp. 3d 254, 267 (D.N.J. 2020)).) Accordingly, Judge Hammer recommended the Court to grant the motion to remand to the Superior Court of New Jersey, Law Division, Bergen County. (*Id.*)

The parties were given the opportunity to respond or object to Judge Hammer's Report and Recommendation by September 30, 2023, pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2). On September 6, 2023, Kaiser filed an opposition to the Report and Recommendation. (ECF No. 25.) On October 5, 2023, Schaffer filed a reply. (ECF No. 26.) Where a party objects to a Magistrate Judge's Report and Recommendation, the district court reviews the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636.

In his Opposition, Kaiser argues Schaffer's motivation in her motion to remand is to engage in forum manipulation. (ECF No. 25 at 7.) Kaiser asserts Schaffer sought to remand the claim after it was removed by focusing on procedural defects, and only after the motion was denied did Schaffer move to amend her Complaint. (*Id.* at 7–8.) Kaiser argues Schaffer could have refrained from filing claims under federal law, claiming "she undoubtedly knew that the defendants might remove the action to this court." (*Id.* at 8.) Further, Kaiser refers to Judge Hammer's finding that Schaffer did not suffer adverse rulings, claiming the Court's denial of Schaffer's previous motion to remand constitutes an adverse ruling that motivated her to move to amend her complaint and remand. (*Id.* at 8–9.)

In her Reply, Schaffer asserts there are no federal claims remaining in the amended Complaint. (ECF No. 26 at 2.) Further, Schaffer agrees that economy, fairness, convenience, and

comity favor remand as it is early in the litigation and no discovery has been performed. (*Id.*) Schaffer also argues Kaiser did not provide factual or jurisdictional support to keep the amended Complaint in federal court, and that the only ruling in this case was the procedural denial of Schaffer's previous motion to remand. (*Id.*)

The Court agrees with Judge Hammer's recommendation to grant the motion to amend the complaint. No defendant has objected to the motion to amend. Further, the Court agrees with Judge Hammer's recommendation to grant the motion to remand. Kaiser has not sufficiently established that Schaffer's potential engagement in forum manipulation is significant enough to outweigh the Court's total considerations of economy, convenience, fairness, and comity.

Having reviewed the Report and Recommendation and the papers filed in response thereto *de novo*; and it appearing the Court should adopt the Report and Recommendation without modification;

**IT IS** on this 13th day of November 2023,

**ORDERED** that the Report and Recommendation (ECF No. 24) is hereby adopted in its entirety and entered; and it is further

**ORDERED** that the motion to amend the Complaint and remand (ECF No. 18-1) is **GRANTED** and the Clerk shall **REMAND** this action to the Superior Court of New Jersey, Law Division, Bergen County.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**